**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                                                    Case No. 3:12-cv-491-J-32MCR

JACKSONVILLE ASSOCIATION OF
FIREFIGHTERS, LOCAL 122, INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS,

        Defendant.

## ORDER

On June 9, 2015, the Court entered an Order denying the EEOC's motion to partially lift the stay in this case (Doc. 52). At the same time, the Court ruled in the related lawsuit of United States v. City of Jacksonville, 3:12-cv-451-J-32MCR, that the United States had established its prima facie case in Phase One (see Order, Doc. 202 in 3:12-cv-451). The EEOC now relies on that finding as a basis to renew its motion (see Renewed Motion to Lift Stay to Permit Limited Discovery Based on Court's Phase I Disparate Impact Ruling, Doc. 53; to which the Union has responded in opposition, Doc. 57). However, the Court obviously had the import of that ruling in mind when deciding the EEOC's motion to stay. Indeed, the Court referenced it in the Order, stating that, notwithstanding the prima facie case established in the DOJ suit, "it is premature [for the EEOC] to litigate a claim against the Union for its role in negotiating in favor of the promotion practice at issue unless and until the City's promotion practice is found unlawful." Doc. 52 at 1-2. The Court explained that for the

reasons expounded on in the Court's earlier orders, the Court remained convinced that a stay as to the EEOC's case was the best way to manage these cases. See Doc. 52 at 2, referencing the Court's March 30, 2013 and July 29, 2013 Orders (Docs. 36 and 39). Additionally, as noted again in the Court's last Order on this topic, the Court previously directed the Union to retain all documents that could potentially relate to the issues raised by this case (see Order, Doc. 39), which directive remains in place, thus mitigating the EEOC's concern that discovery will be made more difficult by the passage of time.

Counsel for the EEOC acknowledged during the October 24, 2012 hearing that its case against the Union could not proceed without proof of disparate impact by the City. See Doc. 27 at 92. Yet the EEOC has no statutory authority to pursue its own disparate impact case against the City.[1] However, the people of the United States are being represented in the ongoing disparate impact litigation against the City by the Department of Justice. In confirming that its positions were aligned with those of the DOJ, EEOC counsel stated "[w]e are in the same place as the Department of Justice." Id. at 111. Additionally, the 27 individual Smith plaintiffs, who each allegedly have received notice from the EEOC of their right to sue, are prosecuting disparate impact claims against the City and have named the Union for its role, see Smith v. City of Jacksonville, 3:11-cv-345-J-32MCR. The NAACP and the Jacksonville Brotherhood of Firefighters also received notice from the EEOC of their rights to sue and they, along with 13 individual firefighters, are pursuing a complaint against

---

[1] The limits of the EEOC's statutory authority were discussed at the October 24, 2012 hearing (Doc. 27 at 7-33 and 42-46) and in the Court's March 30, 2013 Order (Doc. 36 at 8-10).

2

the City and the Union through intervention in the DOJ lawsuit, see Doc. 53 (Complaint in Intervention) in United States v. City of Jacksonville, 3:12-cv-451-J-32MCR. Thus, the Court disagrees that delay of the EEOC case is so prejudicial to the parties served by that lawsuit as to outweigh the reasons warranting a continued stay.[2]

The firefighter discrimination cases before the Court raise important issues that the parties are taking seriously as evidenced by their diligence in prosecuting and defending them. This litigation is complex and protracted, not easily compared to other cases in which a lengthy stay of one party's case may be immoderate. Even if the EEOC and the Union engaged in full discovery now, no further progress could be made and the EEOC's case would still be due to be stayed pending the outcome of the DOJ's lawsuit. Moreover, the fruitfulness of such discovery is questionable where the underlying premise of the lawsuit has yet to be established. The Court disagrees with the EEOC that the Court's decision to continue the stay of the EEOC's case "contravenes Title VII's mandate" or "ignores Eleventh Circuit precedent" (see Motion, Doc. 53 at 7) and it is therefore

**ORDERED**:

The EEOC's Renewed Motion to Lift Stay to Permit Limited Discovery Based on Court's Phase I Disparate Impact Ruling (Doc. 53) is **DENIED**. The EEOC's Rule 62.1 Motion for an Indicative Ruling as to EEOC's Post-Phase I Motion to Lift the Stay (Doc. 56) is **DENIED AS MOOT** as the Eleventh Circuit has now dismissed the EEOC's appeal (see Doc. 57).

---

[2]Notwithstanding the stay, EEOC has been a full participant in the ongoing settlement discussions conducted by my colleague, Judge Schlesinger.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record